UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 8:14-cr-173-VMC-TGW

REGINALD LYNN GAINES

_____/

**ORDER**

This matter comes before the Court pursuant to Reginald Lynn Gaines' pro se Motion for Judicial Recommendation (Doc. # 61), filed on May 5, 2022. The government responded on May 20, 2022. (Doc. # 65). For the reasons set forth below, the Motion is denied.

I.  **Background**

In December 2014, the Court sentenced Gaines to 141 months' imprisonment for conspiracy to commit robbery and brandishing a firearm in furtherance of a crime of violence. (Doc. ## 49, 52). In 2016, the Court reduced Gaines' sentence to 120 months' total imprisonment. (Doc. ## 59, 60). According to the Bureau of Prisons' (BOP) website, Gaines is expected to be released on August 9, 2024.

Gaines now asks that the Court make a recommendation to the BOP that he receive 12 months' placement in a residential re-entry center ("RRC") or halfway house to assist with his

1

transition to life outside of prison. (Doc. # 61). The government rejoins that this Court does not have the authority to modify Gaines' sentence. (Doc. # 65). The Motion is ripe for review.

## II. Discussion

Under federal law, once a court imposes a sentence, the BOP assumes legal authority over the prisoner. Only the BOP can designate the place of a prisoner's imprisonment. See 18 U.S.C. § 3621(b). Under 18 U.S.C. § 3624(c)(1), "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." While pre-release custody placement is a matter committed to the authority of the BOP, the Eleventh Circuit has recognized a sentencing court's ability to issue a non-binding recommendation to the BOP regarding a defendant's placement in an RRC. See United States v. Martin, 877 F.3d 1035, 1036 (11th Cir. 2017) (listing cases from other circuits that recognize such non-binding recommendations). Indeed, under the relevant statute, one of the factors considered by

the BOP in making decisions regarding pre-release custody is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4).

Although a sentencing court may *recommend* that a defendant be placed in a particular facility or program, the BOP retains the ultimate authority to make placement decisions. Tapia v. United States, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. § 3582(a)); see also 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

Gaines' request for a recommendation is due to be denied. The Court believes that such placement decisions are best left to the BOP's discretion. See United States v. Matthews, No. 8:16-CR-350-JDW, 2021 WL 1751614, at *1 (M.D. Fla. May 4, 2021) (denying defendant's motion for RRC placement because the BOP "remains in the best position to make Defendant's pre-release custody determination" and the court therefore "will not interfere in that determination"). The Court commends Gaines for his achievements and self-improvement

3

efforts while in custody and feels confident the BOP will consider his performance and behavior record when deciding his eligibility, if any, for RRC placement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Reginald Lynn Gaines' Motion for Judicial Recommendation (Doc. # 61) is **DENIED.** The Court takes no position on RRC or halfway house placement but leaves the decision in the discretion of the Bureau of Prisons.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of May, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4